# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 13-0161-WS |
| | ) |
| RAY GENE MIDDLETON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on defendant's Notice of Alibi Defense and Request for Disclosure of Witnesses (doc. 136), defendant's Motion in Limine (doc. 137), and the Government's Response to Defendant's Notice of Alibi (doc. 147).

Defendant Ray Gene Middleton is one of eight defendants indicted in a multi-count Indictment filed on July 25, 2013. Of particular note to the instant motion and briefs, Middleton and his co-defendants are charged in Count I with conspiring to manufacture more than 50 grams of methamphetamine from in or about early 2009 through on or about July 24, 2013. Similarly, they are charged in Count II with conspiring during the same time frame to unlawfully possess pseudoephedrine with knowledge and reasonable cause to believe it would be used to manufacture a controlled substance.

On October 3, 2013, Middleton filed a Notice of Alibi Defense, in which he explained that he had been incarcerated in the Baldwin County Jail and the Alabama prison system during the period of April 3, 2009 through June 9, 2012, and that he intends to rely on those facts as an alibi pursuant to Rule 12.1(a), Fed.R.Crim.P. Contemporaneously with his Notice of Alibi Defense, Middleton requested that the Government disclose any rebuttal witnesses whom it intends to call "to establish that the defendant was present at the scene of the alleged offense." (Doc. 136, at 2.) Middleton also filed a Motion in Limine requesting that the Court bar the Government from making reference during trial to the reason for his incarceration (which was violation of Alabama's Community Notification Act) on the grounds that such information would be irrelevant, inflammatory and unfairly prejudicial. In response, the Government challenges the propriety and viability of Middleton's alibi defense, arguing that such a defense

"is not relevant" in this context and asking that the Notice of Alibi Defense be stricken. (Doc. 147, at 2-3.)

An alibi is "[a] defense based on the physical impossibility of a defendant's guilt by placing the defendant in a location other than the scene of the crime at the relevant time." *Black's Law Dictionary* 84 (9th ed. 2009); *see also United States v. Chambers*, 922 F.2d 228, 240 (5th Cir. 1991) ("An alibi defense precludes the defendant's guilt by placing him, when the offense occurred, at a location different from that at which he allegedly committed the crime."). The fundamental defect with Middleton's Notice of Alibi is that it presupposes that the Government must prove he was in a particular location at a particular time to be guilty of the controlled substances conspiracies charged in Counts One and Two.[1] The Government bears no such burden. Indeed, Circuit precedent is clear that "the elements of the offense of conspiracy under 21 U.S.C. § 846 are: (1) an agreement between the defendant and one or more persons, (2) the object of which is to do either an unlawful act or a lawful act by unlawful means." *United States v. Toler*, 144 F.3d 1423, 1426 (11th Cir. 1998) (citations omitted); *see also United States v. Garcia*, 405 F.3d 1260, 1269 (11th Cir. 2005) (same); *United States v. McDowell*, 250 F.3d 1354, 1365 (11th Cir. 2001) ("To sustain a conviction for conspiracy to possess cocaine with intent to distribute, the government must prove beyond a reasonable doubt that (1) an illegal agreement existed; (2) the defendant knew of it; and (3) the defendant, with knowledge, voluntarily joined it."). Nothing in the § 846 offenses charged would require the Government to prove that Middleton was present in a particular location at a particular time engaging in a particular overt act. As such, Middleton's incarceration status at particular intervals during the alleged conspiracy is not a fact rendering his guilt on the underlying conspiracy charges a physical impossibility, as would be necessary for it to give rise to an alibi defense.

In analogous circumstances, federal appellate and district courts in this Circuit and elsewhere have refused to recognize a proffered alibi defense and have declined to instruct the

---

[1] To be sure, Middleton is also charged in Count Ten with the substantive offense of possession of pseudoephedrine on or about a particular date with knowledge and reasonable cause to believe that it would be used to manufacture a controlled substance. However, his purported alibi defense has no conceivable bearing on Count Ten because that offense is charged to have occurred on or about June 8, 2013, fully a year after Middleton was released from prison on the Community Notification Act violation. Thus, Middleton's contemplated alibi defense applies, if at all, only to Counts One and Two.

jury on such a defense. *See, e.g., United States v. Lee*, 483 F.2d 968, 970 (5th Cir. 1973) ("The alibi, if believed by the jury, established no more than that Lee was not present at the time that one or more of the conspirators performed an overt act in furtherance of the conspiracy. Since it was unnecessary for the government to have proved his presence, the alibi defense failed and no instruction concerning it was required."); *United States v. Robinson*, 2007 WL 2028041, *2 (11th Cir. July 16, 2007) ("Although Robinson presented alibi evidence showing that he was not present during the bank robbery, the introduction of this evidence did not necessitate an alibi jury instruction because he could have been found guilty of the [conspiracy] offense without being present for that particular overt act.").[2]

In light of the foregoing authorities, Middleton's attempt to parlay his incarceration during a portion of the charged conspiracy in this case into an alibi defense fails as a matter of law. Accordingly, his "Notice of Alibi Defense and Request for Disclosure of Witnesses" is ineffectual and does not trigger any rebuttal witness disclosure obligations on the part of the Government pursuant to Rule 12.1(b). Defendant is not entitled to an alibi jury instruction at trial, and his Motion in Limine (doc. 137) to block the Government from informing the jury of additional facts concerning his purported alibi is **moot**.

DONE and ORDERED this 18th day of October, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] *See also United States v. Agofsky*, 20 F.3d 866, 871 (8th Cir. 1994) ("Since a conspirator may be held liable for acts of his co-conspirators, he may not assert an alibi defense."); *United States v. Bryser*, 954 F.2d 79, 87-88 (2nd Cir. 1992) (finding no error in refusal to grant alibi instruction because defendant's alibi covering time of theft would not insulate him from liability for conspiring to commit theft, such that it did not matter whether defendant was present for theft or not); *United States v. Lustig*, 555 F.2d 737, 751 (9th Cir. 1977) ("[E]ven if Lustig had presented evidence of an alibi, it would not have rebutted the government's evidence. Presence need not be shown to prove conspiracy."); *United States v. Smoot*, 2006 WL 525496, *2 (4th Cir. Mar. 2, 2006) (where drug conspiracy was charged to have lasted four years, "Smoot's presence at his apartment on March 2 and 3, 2003 was not a required element of the conspiracy, thus an alibi instruction for the conspiracy charge in this case would clearly have been inappropriate"); *United States v. Dungy*, 2009 WL 230693, *7 (N.D. Iowa Feb. 2, 2009) ("Defendant Dungy next asserts that his trial counsel was ineffective in failing to present an alibi defense grounded on the fact that he was incarcerated during a portion for the time period of the conspiracy's existence. An alibi instruction would not have been appropriate in this case.").